122 F.3d 1071
 80 A.F.T.R.2d 97-6522, 97-2 USTC P 50,687
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Alex M. FOSTER, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 96-70726.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 25, 1997.**
Decided Sept. 3, 1997.
 
 Appeal from the United States Tax Court
 Before: SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Alex M. Foster appeals pro se the tax court's decision, upholding the Commissioner of Internal Revenue's ("Commissioner") determination of deficiencies in Foster's federal income taxes and an addition to tax for the tax year 1989. We have jurisdiction pursuant to 26 U.S.C. § 7482 and affirm.
 
 
 3
 Based on the record, we agree with the tax court's conclusion that the $20,000 payment, which Foster received from his former employer, was not excludable from gross income under 26 U.S.C. § 104(a)(2) because the payment was not made in settlement of a cause of action giving rise to a recovery based upon tort or tort type rights. See Commissioner v. Schleier, 515 U.S. 323, 336 (1995) (holding that under 26 U.S.C. § 104(a)(2), the taxpayer must demonstrate that the underlying cause of action giving rise to the recovery is based upon tort or tort type rights); United States v. Burke, 504 U.S. 229, 237 (1992) (stating that for purposes of 26 U.S.C. § 104(a)(2), the court should examine the nature of the claim underlying the award of damages); Mundy v. Household Finance Corp., 885 F.2d 542, 544 (9th Cir.1989) (stating that the relief available for breach of the implied covenant of good faith and fair dealing under California law is limited to traditional contractual type remedies). Accordingly, the tax court did not err by concluding that the payment was includable in gross income.
 
 
 4
 We also reject Foster's contention that the tax court clearly erred by upholding the Commissioner's imposition of an accuracy-related penalty upon Foster under 26 U.S.C. § 6662(b)(1). The record supports the tax court's finding that Foster did not act reasonably in failing to report the receipt of interest, dividends, and capital gains during the tax year 1989, and in excluding from gross income the payment made from his former employer. See Allen v. Commissioner, 925 F.2d 348, 353 (9th Cir.1991).
 
 
 5
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3